UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | ) | | |
| | ) | | |
| vs. | ) | No. | 15 CR 50005 |
| | ) | | |
| NEIL SHARMA | ) | Magistrate Judge Iain D. Johnston | |

## SECOND AGREED PROTECTIVE ORDER

The United States of America and Neil Sharma (the "parties") recognize that the government may produce in discovery, and that the parties may seek to use in proceedings before this Court, certain materials that are the property of non-parties Centene Corporation and/or IlliniCare, Inc. (the Companies"). The parties acknowledge that they have been informed by counsel for the Companies that these materials may contain Confidential Health Information, including "protected health information" as that term is defined by the Standards for Privacy of Individually Identifiable Health Information, 45 C.F.R. Parts 160 and 164 ("protected health information"). The parties also acknowledge that they have been informed by counsel for the Companies that materials belonging to the Companies may contain Highly Confidential Information of the Companies.

**A.** **"Confidential Health Information"**. "Confidential Health Information" shall mean any document or information in any form, or any portion thereof, that identifies an individual in any manner and relates to the past, present, or future care, services, or supplies relating to the physical or mental health or condition of such individual, the provision of health care or related services to such individual, or the past, present, or future payment for the provision of health care to such individual. These terms specifically include "protected health information" as such term is defined by the Standards for Privacy of Individually Identifiable

Health Information, 45 C.F.R. Parts 160 and 164, promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996.  See 45 C.F.R. § 160.103 (("protected health information" and "individually identifiable health information").  Confidential Health Information includes, but is not limited to, protected health information in medical bills, claims forms, consent forms, charge sheets, medical records, medical charts, operative reports, test results, notes, dictation, invoices, itemized billing statements, remittance advice forms, explanations of benefits, checks, notices, and requests.  Confidential Health Information also includes all notes, summaries, compilations, extracts, abstracts, or oral communications that contain, are based on, or are derived from Confidential Health Information.  Confidential Health Information also includes material subject to the provisions of the Privacy Act, 5 U.S.C. § 552a, to the provisions of 45 C.F.R. Parts 160 or 164, or to the provisions of 42 U.S.C. § 1306.  This definition of Confidential Health Information shall also include any materials covered by the privacy or confidentiality laws of any individual states as applicable.

B. **"Highly Confidential Information"**.  "Highly Confidential Information" shall mean and include any and all highly sensitive commercial information as determined in good faith by the Companies and shall include all proprietary and trade secret information.

C. **Use of Confidential Health Information In Court Materials And Open Court**. Any Party seeking to file with the Court any pleading or other material containing Confidential Health Information, or seeking to use during any hearing or the trial of this matter Confidential Health Information, shall redact documents to remove individual patient identifiers, code the documents to substitute a numerical or other designation for the patient's name or other identifying information, request that any exhibit be placed under seal, introduce summary evidence, where practicable, which may be more easily redacted, and assure that all Social

Security and medical record numbers associated with the names of individual patients have been removed.

**D.     Identification of Highly Confidential Information**.  To the extent practicable, the parties shall notify counsel for the Companies of their intent to use, either in court filings or in open court, materials that are the property of the Companies or information derived therefrom. Counsel for the parties shall provide the Companies' counsel notice no later than 10 days prior to the intended use of such documents or information by the government in its case in chief or in any case presented by the defense. The purpose of such notice is to provide the Companies with the opportunity to seek an appropriate protective order, and to allow counsel for the companies and counsel for the parties sufficient time to meet and confer to attempt to arrive at a procedure for use of such materials and information in a manner that will protect the respective interests of the parties, the Companies and any individuals whose information is Confidential Health Information.

In the event that the parties disagree as to whether the materials designated by the companies constitute Highly Confidential Information, they will inform the companies of the disagreement and will attempt to resolve any such disagreements.  If no resolution can be reached by the parties, they will fashion a procedure (such as filing under seal) to bring the issue before the court for a ruling without the materials being subject to public disclosure.

**E.     Permissible Use.**     All materials belonging to the Companies, and any notes or records of any kind that counsel or any other recipient may make relating to the contents of the Companies' materials may be utilized solely in connection with this matter.  The Companies' materials, and any notes or records of any kind that counsel or any other recipient may make relating to the contents of the Companies' materials, shall not be disclosed either directly or

indirectly to any person or entity other than the Defendant, counsel, persons employed to assist the government and the defense, or such other persons as to whom the Court may authorize disclosure. The Companies' materials shall not be copied or reproduced by the parties, their counsel or any other recipient, except as necessary to provide copies of the materials for use by the government and the defense and such persons as are employed by them to assist in the defense. Such copies and reproductions shall be treated in the same manner as the original materials.

The provisions of this paragraph limiting utilization to this matter shall not operate to restrict the government's utilization in any investigation related to this or any other matter.

Prior to providing or disclosing any of the materials to any recipient, counsel shall provide a copy of this Order to each recipient and shall advise each recipient that at the conclusion of this case, the materials must be returned to counsel. All individuals and entities receiving these materials from counsel shall be subject to this Order and shall not further disclose the materials or their contents except as permitted by this Order or any further order of this Court. Counsel shall maintain a copy of this Order that has been signed and dated by each recipient who received any materials subject to this Order.

**F.** **<u>Disposition of Materials That Are the Property of the Companies</u>**. Upon the conclusion of all stages of this matter, materials that are the property of the Companies and any copies thereof shall be returned to counsel for the Companies. Any notes or records of any kind that are made relating to the contents of the Companies' materials shall be destroyed, and Counsel shall so certify in writing to Counsel for the Companies.

Nothing in this paragraph shall apply to the Companies' materials, or materials created or derived therefrom, that are retained by the government for use in any investigation related to this or any other matter.

**G.** **Notice to Companies' Counsel**. All notices to the Companies' counsel shall be made via e-mail, facsimile, or overnight express mail to:

>  **Jeffrey E. Rogers, Esq**.
> McGuireWoods LLP
> 77 West Wacker Drive
> Suite 4100
> Chicago, IL 60601-1818
> 312.750.8686 (Direct Line)
> 312.558.4385 (FAX)
> jrogers@mcguirewoods.com
>
> **Christina M. Egan, Esq.**
> McGuireWoods LLP
> 77 West Wacker Drive
> Suite 4100
> Chicago, IL 60601-1818
> 312.750.8644 (Direct Line)
> 312.698.4502 (FAX)
> cegan@mcguirewoods.com

ENTER:

_____
IAIN D. JOHNSTON
UNITED STATES MAGISTRATE JUDGE

DATE: September 4, 2015

Agreed and Jointly submitted by:

*/s/ Keith Spielfogel*                              9/4/2015
KEITH SPIELFOGEL                          DATE
Attorney for Neil Sharma


*/s/ Scott R. Paccagnini*                          9/4/2015
SCOTT R. PACCAGNINI                     DATE