# UNITED STATES DISTRICT COURT
Northern District of Illinois

| UNITED STATES OF AMERICA | ) | JUDGMENT IN A CRIMINAL CASE |
| v. | ) | |
| Neil Sharma | ) | Case Number: 15 CR 50005-1 |
| | ) | USM Number: 47830-424 |
| | ) | Keith Allan Spielfogel, Terrence Patrick LeFevour, Jeffrey Bruce Steinback |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to count(s) 1.
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC § 666(a)(1)(B) | Bribery Concerning Programs Receiving Federal Funds | 3/13/2015 | 1 |

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
☒ Count(s) 2 & 3 dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this District within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

6/12/2017
Date of Imposition of Judgment

_Signature of Judge_

Frederick J. Kapala, United States District Judge
Name and Title of Judge

6-19-17
Date

DEFENDANT: NEIL SHARMA
CASE NUMBER: 15 CR 50005-1

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:
30 Months

☒ The court makes the following recommendations to the Bureau of Prisons: The defendant should be assigned to an appropriate facility which can provide him with a residential drug abuse treatment program.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at     on

    ☐ as notified by the United States Marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☒ before 2:00 pm on September 5, 2017.

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows: _____

_____

_____

Defendant delivered on _____ to _____ at _____, with a certified copy of this judgment.

                                          _____
                                          UNITED STATES MARSHAL

                            By _____
                                          DEPUTY UNITED STATES MARSHAL

DEFENDANT: NEIL SHARMA
CASE NUMBER: 15 CR 50005-1

## MANDATORY CONDITIONS OF SUPERVISED RELEASE PURSUANT TO 18 U.S.C § 3583(d)

Upon release from imprisonment, you shall be on supervised release for a term of:
1 Year.

You must report to the probation office in the district to which you are released within 72 hours of release from the custody of the Bureau of Prisons. The court imposes those conditions identified by checkmarks below:

**During the period of supervised release:**
- ☒ (1) you shall not commit another Federal, State, or local crime.
- ☒ (2) you shall not unlawfully possess a controlled substance.
- ☐ (3) you shall attend a public, private, or private nonprofit offender rehabilitation program that has been approved by the court, if an approved program is readily available within a 50-mile radius of your legal residence. [Use for a first conviction of a domestic violence crime, as defined in § 3561(b).]
- ☐ (4) you shall register and comply with all requirements of the Sex Offender Registration and Notification Act (**42 U.S.C. § 16913**).
- ☒ (5) you shall cooperate in the collection of a DNA sample if the collection of such a sample is required by law.
- ☒ (6) you shall refrain from any unlawful use of a controlled substance AND submit to one drug test within 15 days of release on supervised release and at least two periodic tests thereafter, up to 104 periodic tests for use of a controlled substance during each year of supervised release. [This mandatory condition may be ameliorated or suspended by the court for any defendant if reliable sentencing information indicates a low risk of future substance abuse by the defendant.]

## DISCRETIONARY CONDITIONS OF SUPERVISED RELEASE PURSUANT TO 18 U.S.C § 3563(b) AND 18 U.S.C § 3583(d)

**Discretionary Conditions** — The court orders that you abide by the following conditions during the term of supervised release because such conditions are reasonably related to the factors set forth in § **3553(a)(1)** and **(a)(2)(B), (C), and (D)**; such conditions involve only such deprivations of liberty or property as are reasonably necessary for the purposes indicated in § **3553 (a)(2) (B), (C), and (D)**; and such conditions are consistent with any pertinent policy statement issued by the Sentencing Commission pursuant to **28 U.S.C. 994a**. The court imposes those conditions identified by checkmarks below:

**During the period of supervised release:**
- ☐ (1) you shall provide financial support to any dependents if financially able.
- ☐ (2) you shall make restitution to a victim of the offense under § **3556** (but not subject to the limitation of § **3663(a)** or § **3663A(c)(1)(A)**).
- ☐ (3) you shall give to the victims of the offense notice pursuant to the provisions of § **3555**, as follows:
- ☒ (4) you shall seek, and work conscientiously at, lawful employment or pursue conscientiously a course of study or vocational training that will equip you for employment.
- ☒ **(5) you shall refrain from engaging in an occupation, business, or profession which awards medical provider contracts. This provision is not intended to preclude defendant from practicing as a doctor in the medical field should he in the future regain his medical license.**
- ☒ (6) you shall refrain from knowingly meeting or communicating with any person whom you know to be engaged, or planning to be engaged, in criminal activity and from:
  - ☐ visiting the following type of places:
  - ☒ knowingly meeting or communicating with the following persons: *Nicole Ranz*.
- ☒ (7) you shall refrain from ☐ any or ☒ excessive use of alcohol (defined as ☒ having a blood alcohol concentration greater than 0.08; or ☐           ), or any use of a narcotic drug or other controlled substance, as defined in § **102** of the Controlled Substances Act (**21 U.S.C. § 802**), without a prescription by a licensed medical practitioner.
- ☒ (8) you shall refrain from possessing a firearm, destructive device, or other dangerous weapon.
- ☒ (9) ☒ you shall participate, at the direction of a probation officer, in a substance abuse treatment program, which may include urine testing up to a maximum of 104 tests per year.
  - ☒ you shall participate, at the direction of a probation officer, in a mental health treatment program, which may include the use of prescription medications.
  - ☐ you shall participate, at the direction of a probation officer, in medical care; (if checked yes, please specify:            .)
- ☐ (10) (intermittent confinement): you shall remain in the custody of the Bureau of Prisons during nights, weekends, or other intervals of time, totaling            [no more than the lesser of one year or the term of imprisonment authorized for the

DEFENDANT: NEIL SHARMA
CASE NUMBER: 15 CR 50005-1

offense], during the first year of the term of supervised release (provided, however, that a condition set forth in § 3563(b)(10) shall be imposed only for a violation of a condition of supervised release in accordance with § 3583(e)(2) and only when facilities are available) for the following period _____.

☐ (11) (community confinement): you shall reside at, or participate in the program of a community corrections facility (including a facility maintained or under contract to the Bureau of Prisons) for all or part of the term of supervised release, for a period of _____ months.

☐ (12) you shall work in community service for _____ hours as directed by a probation officer.

☐ (13) you shall reside in the following place or area: _____ . or refrain from residing in a specified place or area: _____ .

☒ **(14) you shall remain within the jurisdiction where you are being supervised, unless granted permission to leave by the court or a probation officer. The geographic area of the jurisdiction of the United States District Court of the Northern District of Illinois currently consists of the Illinois counties of Cook, DuPage, Grundy, Kane, Kendall, Lake, LaSalle, Will, Boone, Carroll, DeKalb, Jo Daviess, Lee, McHenry, Ogle, Stephenson, Whiteside, and Winnebago.**

☒ (15) you shall report to a probation officer as directed by the court or a probation officer.

☒ **(16) you shall permit the probation officer to visit you at home between the hours of 6:00am and 10:00 pm or at work, upon prior notice to you, and allow the probation officer to confiscate any contraband in plain view of the officer.**

☒ (17) you shall notify a probation officer promptly, within 72 hours, of any change in residence, employer, or workplace and, absent constitutional or other legal privilege, answer inquiries by a probation officer.

☒ (18) you shall notify a probation officer promptly, within 72 hours, if arrested or questioned by a law enforcement officer.

☐ (19) (home confinement): you shall remain at your place of residence for a total of _____ months during nonworking hours. [This condition may be imposed only as an alternative to incarceration.]
  ☐ Compliance with this condition shall be monitored by telephonic or electronic signaling devices (the selection of which shall be determined by a probation officer). Electronic monitoring shall ordinarily be used in connection with home detention as it provides continuous monitoring of your whereabouts. Voice identification may be used in lieu of electronic monitoring to monitor home confinement and provides for random monitoring of your whereabouts. If the offender is unable to wear an electronic monitoring device due to health or medical reasons, it is recommended that home confinement with voice identification be ordered, which will provide for random checks on your whereabouts. Home detention with electronic monitoring or voice identification is not deemed appropriate and cannot be effectively administered in cases in which the offender has no bona fide residence, has a history of violent behavior, serious mental health problems, or substance abuse; has pending criminal charges elsewhere; requires frequent travel inside or outside the district; or is required to work more than 60 hours per week.
  ☐ You shall pay the cost of electronic monitoring or voice identification at the daily contractual rate, if you are financially able to do so.
  ☐ The Court waives the electronic/location monitoring component of this condition.

☐ (20) you shall comply with the terms of any court order or order of an administrative process pursuant to the law of a State, the District of Columbia, or any other possession or territory of the United States, requiring payments by you for the support and maintenance of a child or of a child and the parent with whom the child is living.

☐ (21) (deportation): you shall be surrendered to a duly authorized official of the Homeland Security Department for a determination on the issue of deportability by the appropriate authority in accordance with the laws under the Immigration and Nationality Act and the established implementing regulations. If ordered deported, you shall not reenter the United States without obtaining, in advance, the express written consent of the Attorney General or the Secretary of the Department of Homeland Security.

☐ (22) you shall satisfy such other special conditions as ordered below.

☐ (23) (if required to register under the Sex Offender Registration and Notification Act) you shall submit at any time, with or without a warrant, to a search of your person and any property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects, by any law enforcement or probation officer having reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by you, and by any probation officer in the lawful discharge of the officer's supervision functions (see special conditions section).

☐ (24) Other:

**SPECIAL CONDITIONS OF SUPERVISED RELEASE PURSUANT TO 18 U.S.C. 3563(b)(22) and 3583(d)**
The court imposes those conditions identified by checkmarks below:

**During the term of supervised release:**
☐ (1) if you have not obtained a high school diploma or equivalent, you shall participate in a General Educational Development (GED) preparation course and seek to obtain a GED within the first year of supervision.

☐ (2) you shall participate in an approved job skill-training program at the direction of a probation officer within the first 60 days of placement on supervision.

DEFENDANT: NEIL SHARMA
CASE NUMBER: 15 CR 50005-1

- ☐ (3) you shall, if unemployed after the first 60 days of supervision, or if unemployed for 60 days after termination or lay-off from employment, perform at least 20 hours of community service per week at the direction of the U.S. Probation Office until gainfully employed. The amount of community service shall not exceed ____ hours.
- ☐ (4) you shall not maintain employment where you have access to other individual's personal information, including, but not limited to, Social Security numbers and credit card numbers (or money) unless approved by a probation officer.
- ☐ (5) you shall not incur new credit charges or open additional lines of credit without the approval of a probation officer unless you are in compliance with the financial obligations imposed by this judgment.
- ☒ (6) you shall provide a probation officer with access to any requested financial information necessary to monitor compliance with conditions of supervised release.
- ☒ (7) **you shall notify the court or probation officer of any material change in your economic circumstances that might affect your ability to pay the special assessment and reimbursement to the government for funds expended.**
- ☒ (8) you shall provide documentation to the IRS and pay taxes as required by law.
- ☐ (9) you shall participate in a sex offender treatment program. The specific program and provider will be determined by a probation officer. You shall comply with all recommended treatment which may include psychological and physiological testing. You shall maintain use of all prescribed medications.
  - ☐ You shall comply with the requirements of the Computer and Internet Monitoring Program as administered by the United States Probation Office. You shall consent to the installation of computer monitoring software on all identified computers to which you have access. The software may restrict and/or record any and all activity on the computer, including the capture of keystrokes, application information, Internet use history, email correspondence, and chat conversations. A notice will be placed on the computer at the time of installation to warn others of the existence of the monitoring software. You shall not remove, tamper with, reverse engineer, or in any way circumvent the software.
  - ☐ The cost of the monitoring shall be paid by you at the monthly contractual rate, if you are financially able, subject to satisfaction of other financial obligations imposed by this judgment.
  - ☐ You shall not possess or use any device with access to any online computer service at any location (including place of employment) without the prior approval of a probation officer. This includes any Internet service provider, bulletin board system, or any other public or private network or email system.
  - ☐ You shall not possess any device that could be used for covert photography without the prior approval of a probation officer.
  - ☐ You shall not view or possess child pornography. If the treatment provider determines that exposure to other sexually stimulating material may be detrimental to the treatment process, or that additional conditions are likely to assist the treatment process, such proposed conditions shall be promptly presented to the court, for a determination, pursuant to **18 U.S.C. § 3583(e)(2),** regarding whether to enlarge or otherwise modify the conditions of supervision to include conditions consistent with the recommendations of the treatment provider.
  - ☐ You shall not, without the approval of a probation officer and treatment provider, engage in activities that will put you in unsupervised private contact with any person under the age of 18, or visit locations where children regularly congregate (*e.g.*, locations specified in the Sex Offender Registration and Notification Act.)
  - ☐ This condition does not apply to your family members: ____ [Names]
  - ☐ Your employment shall be restricted to the district and division where you reside or are supervised, unless approval is granted by a probation officer. Prior to accepting any form of employment you shall seek the approval of a probation officer, in order to allow the probation officer the opportunity to assess the level of risk to the community you will pose if employed in a particular capacity. You shall not participate in any volunteer activity that may cause you to come into direct contact with children except under circumstances approved in advance by a probation officer and treatment provider.
  - ☐ You shall provide the probation officer with copies of your telephone bills, all credit card statements/receipts, and any other financial information requested.
  - ☐ You shall comply with all state and local laws pertaining to convicted sex offenders, including such laws that impose restrictions beyond those set forth in this order.
- ☐ (10) you shall pay any financial penalty that is imposed by this judgment that remains unpaid at the commencement of the term of supervised release. Your monthly payment schedule shall be an amount that is at least $ ____ or ____ % of your net monthly income, defined as income net of reasonable expenses for basic necessities such as food, shelter, utilities, insurance, and employment-related expenses.
- ☒ (11) you shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the court.
- ☒ (12) **you shall repay the United States "buy money" in the amount of $2,500 which you received during the commission of this offense. Payment should be made to the Clerk of the Court.**
- ☐ (13) if the probation officer determines that you pose a risk to another person (including an organization or members of the community), the probation officer may require you to tell the person about the risk, and you must comply with that

DEFENDANT: NEIL SHARMA
CASE NUMBER: 15 CR 50005-1

instruction. Such notification could include advising the person about your record of arrests and convictions and substance use. The probation officer may contact the person and confirm that you have told the person about the risk.

☒ (14) you shall pay the special assessment and compensation for government funds balance to the clerk of the court at a rate of not less than ten percent of your gross earnings minus federal and state income tax withholdings until the criminal monetary penalties have been paid in full.

☒ (15) you shall surrender your passport to United States Probation.

ILND 245B (Rev. 08/02/2016) Judgment in a Criminal Case
Sheet 5 – Criminal Monetary Penalties

Judgment – Page 7 of 8

DEFENDANT: NEIL SHARMA
CASE NUMBER: 15 CR 50005-1

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **Totals** | $100.00 | $ | $ |

☐ The determination of restitution is deferred until         . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to **18 U.S.C. § 3664(i)**, all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
| **Totals:** |  |  |  |

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant **to 18 U.S.C. § 3612(f)**. All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to **18 U.S.C. § 3612(g)**.

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the        .

☐ the interest requirement for the        is modified as follows:

☐ The defendant's non-exempt assets, if any, are subject to immediate execution to satisfy any outstanding restitution or fine obligations.

* Findings for the total amount of losses are required under **Chapters 109A, 110, 110A, and 113A of Title 18** for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: NEIL SHARMA
CASE NUMBER: 15 CR 50005-1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☐ Lump sum payment of $    due immediately.

    ☐ balance due not later than    , or

    ☐ balance due in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☒ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal    *(e.g. weekly, monthly, quarterly)* installments of $    over a period of    *(e.g., months or years)*, to commence    *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal    *(e.g. weekly, monthly, quarterly)* installments of $    over a period of    *(e.g., months or years)*, to commence    *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within    *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>(including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee, if Appropriate |
|---|---|---|---|
| | | | |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.